■ FRANCES SOLOMON, Respondent, v LEONARD SOLOMON, Appellant—In an action for a divorce and ancillary relief, the defendant husband appeals from an order of the Supreme Court, Nassau County (Burstein, J.), dated October 28, 1986, which granted the plaintiff wife's motion for leave to serve a supplemental summons and amended complaint to add Lamont Solomon and Andrew Solomon, the defendant's adult sons, as party defendants.

Ordered that the order is affirmed, with costs.

CPLR 1001 and 1003 afford the courts wide latitude in the

addition or deletion of parties *(see, Schmidt v Schmidt,* 99 AD2d 775). In this regard, the court may on its own motion and at any stage of the litigation determine that there is a nonjoinder of necessary parties *(see, Matter of Lezette v Board of Educ.,* 35 NY2d 272, 282; *Schmidt v Schmidt, supra).* The plaintiff has alleged that the defendant transferred marital assets to his now deceased father, Morris Solomon, and to his sons Lamont and Andrew Solomon. It is further alleged that Lamont and Andrew are the sole distributees under the estate of Morris Solomon. We believe the trial court properly exercised its discretion in granting leave to the plaintiff to add Lamont and Andrew as party defendants as they were alleged third-party transferees of marital property *(see, Schmidt v Schmidt, supra; Deleno v Deleno,* 61 AD2d 788, *lv denied* 45 NY2d 708; *see also, Petrie v Petrie,* 126 AD2d 951; *Lemke v Lemke,* 115 AD2d 1006).

The defendant argues that a determination of whether certain assets within the estate of Morris Solomon constitute marital property is properly within the jurisdiction of the Surrogate's Court, rather than the Supreme Court. We disagree. The Surrogate's Court is a court of limited jurisdiction which has the power to entertain matters "relating to the affairs of decedents" (NY Const, art VI, § 12 [d]; SCPA 201 [3]). Independent claims involving controversies between living persons do not lie within the power of the Surrogate's Court *(see, Matter of Lainez,* 79 AD2d 78, 80, *affd* 55 NY2d 657; *Matter of Jemzura,* 65 AD2d 656, *affd* 52 NY2d 1067). Here, the plaintiff's claims are asserted against the defendant not as the executor of the estate of Morris Solomon but are against him in his individual capacity. Furthermore, the plaintiff is seeking a divorce in addition to a distribution of marital property and support. These claims do not affect or relate to the affairs of the decedent or the administration of his estate and, therefore, the Surrogate's Court does not have the power to adjudicate those claims *(cf., Matter of Piccione,* 57 NY2d 278, 289-291). Thompson, J. P., Brown, Eiber and Sullivan, JJ., concur.