■ CONRAD K. HAHN, Appellant, v MARTHA STEWART, Respondent. [773 NYS2d 297]—

Judgment, Supreme Court, New York County (Helen Freedman, J.), entered February 20, 2003, dismissing the complaint pursuant to an order, same court and Justice, entered February 14, 2003, which, in a purported class action by a shareholder against the corporation's chairman and chief executive officer, granted defendant's motion to dismiss the action for lack of standing and failure to state a cause, unanimously affirmed, without costs. Appeal from said order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiff alleges that defendant breached her fiduciary duty to the corporation's shareholders by reason of her part in an insider trading scandal, resulting in damage to the corporation's primary asset, defendant's name, reputation and associated

goodwill, and damage to the proposed class members in the form of diminution in the value of their shares. The complaint was properly dismissed on the ground that such allegations plead a wrong to the corporation only, for which a shareholder can only sue derivatively, "though he loses the value of his investment" (*Abrams v Donati*, 66 NY2d 951, 953 [1985]). "Courts have repeatedly held that an allegation of diminution in the value of stock based on a breach of fiduciary duty gives rise to a derivative action only" (*Hart v General Motors Corp.*, 129 AD2d 179, 183 n 2 [1987], *lv denied* 70 NY2d 608 [1987], citing, inter alia, *Bokat v Getty Oil Co.*, 262 A2d 246, 249 [Del 1970]). No grounds exist for granting leave to replead where plaintiff sold his shares before instituting this action (Business Corporation Law § 626 [b]). Concur—Tom, J.P., Andrias, Ellerin and Gonzalez, JJ.