**DRUCK CORPORATION,**
Plaintiff–Appellant,

v.

**The MACRO FUND LIMITED, IIU Capital Limited, Dermot Desmond, Nigel McDermott, Christopher McHugh,** Defendants–Appellees.

No. 07–0744–cv.

United States Court of Appeals,
Second Circuit.

Aug. 26, 2008.

David G. Trachtenberg, Trachtenberg Rodes & Friedberg, LLP, New York, NY, for Appellant.

Marc S. Reiner (Neil E. McDonell, on the brief), Dorsey & Whitney LLP, New York, NY, for Appellees.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. REENA RAGGI, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant Druck Corporation ("Druck") appeals from orders dismissing claims for fraud and rescission and from orders granting summary judgment to Defendants–Appellees on contract and breach of fiduciary duty claims entered in the United States District Court for the Southern District of New York (Owen, J.). We assume the parties' familiarity with the underlying facts, the procedural history and the issues presented for review.

Druck argues that the district court erred in [1] granting summary judgment on its breach of contract claim based on a letter promising to waive an early redemption fee in certain circumstances ("Side Letter"); [2] granting summary judgment on its breach of contract claim based on the investment contract; [3] granting summary judgment on its breach of fiduciary duty claim; [4] dismissing Druck's common law and federal fraud claims; and [5] dismissing Druck's rescission claim.

We review the dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) *de novo*. *Karedes v. Ackerley Group, Inc.*, 423 F.3d 107, 113 (2d Cir.2005). Likewise, we review *de novo* a grant of summary judgment, viewing the evidence in the light most favorable to the party opposing summary judgment. *Curley v. AMR Corp.*, 153 F.3d 5, 11 (2d Cir.1998). The interpretation of a contract is reviewed *de novo*. *Rubens v. Mason*, 387 F.3d 183, 188 (2d Cir.2004).

■ ■ Druck argues that the district court erred in granting summary judgment on the Side Letter contract claim because the Side Letter's provision for a redemption fee waiver is at least ambiguous.

The district court properly granted summary judgment for Defendants–Appellees on this claim because the Side Letter has a "definite and precise meaning" and "there is no reasonable basis for a difference of opinion," *Klos v. Polskie Linie Lotnicze*, 133 F.3d 164, 168 (2d Cir.1997). The word "return" is quite unambiguously a reference to a return on investment. Druck alleges that Defendants–Appellees redeemed its shares for $4,653,347, a loss of 6.9% of its $5 million investment. *See* Compl. ¶¶ 73–74. Accordingly, the condition precedent for waiver of the fee was unsatisfied. Druck's proposed "high watermark" interpretation is unworkable and can lead to absurd results, as Judge Owen's opinion demonstrates.

■ Druck asserts that the district court erred in granting summary judgment on the breach of contract claim based on the investment contract.

■ Druck taxes the district court for failing to decide whether New York or Cayman Islands law applies to this claim. This was no error; the outcome is the same either way. Druck alleges that the defendant directors injured The *Macro Fund* by failing to execute the investment strategy outlined in the Offering Memorandum. This claim is derivative, not direct, because Druck cannot prevail without showing injury to The Macro Fund itself. But under New York and Cayman Islands law, Druck lacks standing to bring a derivative claim because it was not a shareholder when it filed the complaint. *See* N.Y. Bus. Corp. Law § 626(a) ("An action may be brought in the right of a domestic or foreign corporation to procure a judgment in its favor, *by a holder of shares* or of voting trust certificates of the corporation or of a beneficial interest in such shares or certificates." (emphasis added)); *Lewis v. S.L. & E., Inc.*, 629 F.2d 764, 768 n. 10 (2d Cir.1980); *Svanstrom v. Jonasson*, 1997 CILR 192, 193, 205 (holding that a beneficial owner of a minority interest lacks standing to bring a derivative action). Furthermore, the doctrine of implied consent does not require application of New York law to this claim: in the district court, Defendants–Appellees relied on New York law in defending against a different claim, and different law can apply to different claims in a single action. *See Fieger v. Pitney Bowes Cred. Corp.*, 251 F.3d 386, 397 n. 1 (2d Cir.2001) ("Under the doctrine of depecage as applied by New York courts, the rules of one legal system are applied to regulate certain issues arising from a given transaction or occurrence, while those of another system regulate other issues." (internal quotation marks omitted)).

As to Druck's charge that Defendants–Appellees failed to deposit early redemption fees paid by other redeeming shareholders into The Macro Fund, Defendants–Appellees represent (and Druck does not contest, *see* Plaintiff–Appellant Reply Br. at 20 n. 8) that they reserved those fees as a contingent liability (consistent with the Articles of Association of The Macro Fund) because the other redeeming investors had brought suit over the fees in the Cayman Islands. Accordingly, because it is undisputed that Defendants–Appellees acted pursuant to and consistent with the Articles of Association, which were expressly incorporated into the investment contract, it cannot be said that they breached the terms of the investment contract.

■ ■ Druck argues that the district court should not have granted summary judgment on the breach of fiduciary duty

claim because New York law authorizes such claims against directors who breach their duties of candor and full disclosure to shareholders.

Druck contends that the district court erred in applying Cayman Islands law to this claim, and argues that the court instead should have applied New York law. We decline to reach the issue of which jurisdiction's law applies, however, because Druck's claim was properly dismissed regardless of whether Cayman or New York law controls. "Under the law of the Cayman Islands ... claims based on breach of fiduciary duty, corporate mismanagement or third party action that result in the diminution of share value belong to the corporation and can only be brought by it or a shareholder suing derivatively." *ABF Capital Mgmt. v. Askin Capital Mgmt., L.P.*, 957 F.Supp. 1308, 1332 (S.D.N.Y. 1997); *id.* at 1333 (explaining that "[o]nly when a plaintiff alleges a 'special injury' or the breach of a duty owed uniquely to him (rather than a duty to shareholders generally) may he or she bring a direct action"). The rule is the same in New York: when a plaintiff claims that a corporate officer "breached her fiduciary duty to the corporation's shareholders," thus causing "damage to the [shareholders] in the form of diminution in the value of their shares," "such allegations plead a wrong to the corporation only, for which a shareholder can only sue derivatively, though he loses the value of his investment." *Hahn v. Stewart*, 5 A.D.3d 285, 285–86, 773 N.Y.S.2d 297 (1st Dep't 2004) (internal quotation marks omitted). Furthermore, as under Cayman law, *see Svanstrom v. Jonasson*, 1997 CILR 192, a plaintiff may not assert a derivative claim under New York law where it sold its shares before initiating suit, *see Hahn*, 5 A.D.3d at 286, 773 N.Y.S.2d 297. Since Druck alleges only that defendants' breach of fiduciary duty injured the Macro Fund, thus causing a decline in share value, its claim is deriva-tive, and one Druck lacks standing to assert under either Cayman or New York law.

 Next, Druck contends that the district court erred in dismissing the common law and federal fraud claims. Druck says that Defendants–Appellees represented falsely that [i] The Macro Fund would retain all redemption fees paid by redeeming shareholders; [ii] The Macro Fund would waive Druck's redemption fee in the event of a decline in asset value of over 10% within the first year; and [iii] The Macro Fund directors had the authority to make the commitments in the Side Letter. Claims based on [i] and [ii] are duplicative of the contract claims discussed in sections [1] and [2], and therefore were properly dismissed on that basis. *See McKernin v. Fanny Farmer Candy Shops, Inc.*, 176 A.D.2d 233, 234, 574 N.Y.S.2d 58 (2d Dep't 1991) (under New York law, where a fraud claim "is premised upon an alleged breach of contractual duties and the supporting allegations do not concern representations which are collateral or extraneous to the terms of the parties' agreement, a cause of action sounding in fraud does not lie").

 As to [iii], under New York law an allegation of "misrepresentation of present fact" that is "the inducement for the contract" may state a claim for fraud. *See Deerfield Commc'ns Corp. v. Chesebrough–Ponds, Inc.*, 68 N.Y.2d 954, 956, 510 N.Y.S.2d 88, 502 N.E.2d 1003, 1004 (1986) (memorandum). But Druck's third allegation fails to state a claim for fraud because, as noted *supra*, Druck has not demonstrated that his reliance on the Side Letter was detrimental. *See Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.*, 98 F.3d 13, 19 (2d Cir.1996) ("To prove fraud under New York law, a plaintiff must show that ... plaintiff suffered damage as a result of such reliance." (internal quotation marks omitted)). That is, while Druck

alleged that but for the representations in the Side Letter, it would not have made its investment, it failed to allege that these representations proximately caused the value of its shares to decline. *See, e.g., Laub v. Faessel,* 297 A.D.2d 28, 31, 745 N.Y.S.2d 534 (1st Dep't 2002) ("Regardless of whether plaintiff could establish that he was induced by the alleged misrepresentations to follow Faessel's recommendations on purchases of equities, plaintiff's claims must fail because he has not alleged or produced any evidence that those misrepresentations directly and proximately caused his investment losses." (internal citations omitted)). In the parlance of federal securities fraud, Druck arguably alleged "transaction causation," but failed adequately to allege "loss causation." *See, e.g., ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 106–07 (2d Cir.2007). Therefore, the district court properly dismissed Druck's fraud claims predicated on Defendants–Appellees' alleged misrepresentations prior to Druck's investment.

As to Defendants–Appellees' alleged misrepresentations *after* Druck invested, Druck likewise fails to plead detrimental reliance. Druck claims it detrimentally relied on Defendant–Appellees' statements beginning on February 28, 2002 "as it continually reevaluated its investment decisions"; but the complaint states that Druck sought to withdraw its shares beginning that very day. Druck cannot have detrimentally relied on allegedly fraudulent contemporaneous and future statements. Likewise, Druck's Rule 10b–5 claim fails because "actual shareholders in the issuer who allege that they decided not to sell their shares because of an unduly rosy representation or a failure to disclose unfavorable material" lack standing to bring such claims. *Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 737–38, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975); *see also Gurary v. Winehouse,* 190 F.3d 37, 46 n. 9 (2d Cir.1999). Druck alleges only that

it relied on Defendants–Appellees' misrepresentations in deciding to *hold* its shares. As a mere holder, Druck lacks standing.

■■ Finally, Druck argues that the district court should not have dismissed the rescission claim because Druck's investment—in reliance on the Side Letter—was based on either fraud or a mutual mistake of material fact.

"The elements of a claim for rescission based on fraud are misrepresentation, concealment or nondisclosure of a material fact; an intent to deceive; and an injury resulting from justifiable reliance by the aggrieved party." *Allen v. WestPoint–Pepperell, Inc.,* 945 F.2d 40, 44 (2d Cir. 1991) (citing, *inter alia, Channel Master Corp. v. Aluminum Ltd. Sales, Inc.,* 4 N.Y.2d 403, 406–07, 176 N.Y.S.2d 259, 151 N.E.2d 833, 835 (1958)). As discussed in section [4], Druck cannot plead injury resulting from justifiable reliance on the Side Letter.

A claim for rescission based on mutual mistake requires, *inter alia,* that "both parties ... shared the same erroneous belief as to a material fact, and their acts did not in fact accomplish their mutual intent." *Allen,* 945 F.2d at 46. If the claimed mistake is Druck's misinterpretation of the Side Letter, that cannot suffice because Defendants–Appellees consistently interpreted it correctly. If the claimed mistake is that the Side Letter was authorized by The Macro Fund Board of Directors when it was not, that cannot form the basis for rescission because Defendants–Appellees never failed to discharge their obligations under the Side Letter: as discussed in section [1], the condition precedent for the fee waiver was unsatisfied. *Cf. Med. Coll. Lab. of City of N.Y. v. N.Y. University,* 178 N.Y. 153, 162–63, 70 N.E. 467 (1904) (affirming judgment ordering reconveyance of land where "[p]laintiff conveyed the property on the

strength of the [oral] promises" of an individual with "apparent authority to make [those] representations" because "equity will compel a reconveyance *if defendant either will not or cannot make good the [oral] promises*" (emphasis added)). For these reasons, Druck failed to state a claim for rescission.

We have reviewed Druck's remaining claims and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**