■ EFRAIM SHURKA, Plaintiff, v JANE SHURKA, Respondent. ESTHER ZERNITSKY, Proposed Third-Party Plaintiff-Appellant. [955 NYS2d 12]—

Order, Supreme Court, New York County (Matthew F. Cooper, J.), entered March 6, 2012, which granted defendant's motion to join appellant as a party to this matrimonial action and to require appellant to turn over defendant's proportionate share of payments on certain promissory notes, to pay to defendant plaintiff's support and other obligations pursuant to a September 10, 2008 pendente lite order, to provide certain discovery to defendant, and to surrender her passports, unanimously modified, on the law, to the extent of denying that part of the motion seeking to require appellant to surrender her passports and vacating that part of the order directing appellant to pay plaintiff's obligations under the pendente lite order, and remanding the matter for an evidentiary hearing consistent herewith, and otherwise affirmed, without costs.

Appellant was not entitled to an automatic stay of the proceedings pursuant to CPLR 321 (c), because counsel withdrew pursuant to a voluntary discharge (*Sarlo-Pinzur v Pinzur*, 59 AD3d 607, 608 [2d Dept 2009]). Nor do we see any basis in the record for remanding this matter to another Justice.

The court properly granted defendant leave to amend her pleadings to assert claims against appellant and to join appellant as a party to the action (*see* CPLR 3025 [b]). Defendant presented evidence that plaintiff has fled the country, that appellant is the chief financial officer (CFO) of the umbrella organization, Signature Investment Group (SIG), which holds all of plaintiff's assets, and that appellant has administered and controlled the payment of the promissory notes on which defendant is a payee, thus creating a fiduciary relationship between defendant and appellant (*see* CPLR 1001, 1003; *Solomon v Solomon*, 136 AD2d 697, 698 [2d Dept 1988]).

The court also properly ordered appellant to produce documents related to SIG and the other companies involved, and to

pay to defendant her proportionate past and future payments on the promissory notes, which it appears appellant has withheld at plaintiff's direction. The notes direct a substantial portion of the annual payments to defendant; moreover, they are unconditional promises to pay. We note that plaintiff has failed to comply with a previous order directing him to turn over these proceeds to defendant.

The court should have held a hearing on defendant's request to have appellant arrange for the payment of support and other expenses due under the September 10, 2008 pendente lite order. Defendant submitted evidence showing that throughout the parties' marriage, appellant, who was a signatory on the parties' joint personal bank account, deposited funds into, and paid bills from, that account. Defendant also points to evidence showing that appellant controls the finances of the family businesses that hold plaintiff's assets. In response, appellant submitted an affidavit stating that she does not pay, either personally or as CFO of the businesses, any of plaintiff's personal expenses.

In light of this factual dispute, a hearing is necessary on these issues. It is true that appellant has no obligation to use her own personal funds to make support payments to defendant. However, an issue of fact exists as to whether appellant is acting as plaintiff's agent, or is otherwise in control of plaintiff's finances, including his share of funds or loan payments due from the family businesses. Having been properly joined in this action, to the extent appellant controls plaintiff's finances, or possesses assets that can be imputed to plaintiff, she can be directed, in that capacity, to satisfy plaintiff's pendente lite obligations.

There is no basis for ordering appellant to surrender her passports. While plaintiff has fled the country, there is no evidence that appellant presents a similar flight risk.

We have considered appellant's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Renwick, Richter and Román, JJ.