■ IDA C. PETRIE, Respondent, v DANIEL J. PETRIE, Appellant.—Judgment unanimously reversed, on the law and facts, without costs, and matter remitted to Supreme Court, Wyoming County, for further proceedings, in accordance with the following memorandum: In this action for divorce, defendant challenges the court's finding that the family farm, including the land, machinery and equipment, is marital property subject to equitable distribution. The farm is the subject of an executory contract of sale entered into in 1973 between defendant's father, as vendor, and plaintiff and defendant, as vendees. The contract provided for the $90,000 purchase price to be paid in installments of $500 per month and apportioned as follows: "$22,170.00 to the livestock in Schedule A; $37,602.00 to the livestock in Schedule B, and $30,228.00 to real estate and paid for in such order." The contract provided that, when the balance was reduced to $25,000 or less, plaintiff and defendant would have the option of taking title to the land and executing a mortgage in favor of defendant's father. It authorized the vendor, upon default by the vendees, either to foreclose upon the property or reenter and treat amounts previously paid under the contract as rent. The parties defaulted in payments under the contract about the time this matrimonial action was commenced; the balance due on the contract, as stipulated to by the parties, is $52,205.77.

Applying *Bean v Walker* (95 AD2d 70), the court found the parties to have equitable title to the farmland and defendant's father to have an equitable lien for the balance of the purchase price. The court also found the livestock and the equipment to be marital property. The court ordered that the

farmland, machinery and livestock be sold, that the balance on the contract and certain other debts of the parties be paid out of the proceeds, and that the net proceeds be distributed equally between the parties. Certain other marital debts allegedly owed to defendant's father were held to be exclusively defendant's responsibility.

We conclude that the court erred in finding the farm to be marital property, in contravention of the contract of sale, without the contract vendor being made a party. We also conclude that the court erred in finding the livestock and machinery to be marital property without considering the effect of the 1973 agreement and without addressing the uncontroverted evidence that defendant's father had purchased certain livestock and machinery. We, therefore, reverse the judgment and remit for a new hearing at which additional proof can be taken as to the extent of the parties' marital property. In order to permit the court to make an informed decision and to protect the rights of defendant's father, we direct the plaintiff to join him as a necessary party and grant her leave to serve an amended complaint (see, Lemke v Lemke, 115 AD2d 1006; Schmidt v Schmidt, 99 AD2d 775; Deleno v Deleno, 61 AD2d 788, lv denied 45 NY2d 708). Since there must be a new hearing, we note that the record is inadequate to permit review of the court's determination as to the marital debts. We, therefore, direct that the court take additional proof. (Appeal from judgment of Supreme Court, Wyoming County, Dadd, J.—divorce.) Present—Callahan, J. P., Denman, Boomer, Balio and Lawton, JJ.