■ MANJU SINHA, Appellant, v SIRISH N. SINHA, Respondent, et al., Defendant. [727 NYS2d 537] —Mercure, J. P. Appeal from an order of the Supreme Court (Kane, J.), entered July 17, 2000 in Sullivan County, which, *inter alia,* ruled that it had jurisdiction to determine the equitable distribution rights of defendant Sirish N. Sinha in certain marital property.

After issue was joined in this divorce action,* plaintiff filed for bankruptcy under chapter 7 of the Bankruptcy Code, listing defendant Sirish N. Sinha (hereinafter defendant) as a creditor. Defendant neither filed any objections in the bankruptcy proceeding nor sought a determination excepting any debts from discharge. Plaintiff's bankruptcy petition was thereafter granted and all of her dischargeable debts were discharged. As a result, plaintiff contended that defendant's pending claim for equitable distribution of marital property was barred by plaintiff's discharge in bankruptcy, while defendant maintained that his claim remained viable against certain property which had been declared exempt or nonestate property in the bankruptcy proceeding. The parties submitted the issue to Supreme Court and plaintiff now appeals from the court's ruling that it has jurisdiction to determine the equitable distribution claim.

Plaintiff relies on the provisions of the Bankruptcy Code which authorize the discharge of a debt, other than alimony, maintenance or support, incurred in the course of a divorce and not determined to be excepted from discharge upon request of the creditor to whom the debt is owed (see, 11 USC § 523 [a] [15]; [c] [1]). Plaintiff contends that defendant's equitable distribution claim, which arose in the divorce action, was not excepted from discharge and that only the Bankruptcy Court has jurisdiction to determine whether the claim should be excepted. Contrary to plaintiff's argument, the issue raised by defendant's pursuit of his equitable distribution claim in this action is not whether the claim should be excepted from the discharge in bankruptcy. Rather, the issue is whether the equitable distribution claim created a dischargeable debt within the meaning of the Bankruptcy Code, which defines debt as "liability on a claim" (11 USC § 101 [12]) and provides a broad definition of claim (see, 11 USC § 101 [5]). Resolution of the issue depends upon the nature of defendant's right or interest in marital property and, therefore, involves a question of State law (see, Butner v United States, 440 US 48, 54-55).

Marital property is a creation of statute and "there is no common-law property interest remotely resembling marital property" (O'Brien v O'Brien, 66 NY2d 576, 583). Domestic Relations Law § 236 (B) (5) (a) provides that "the court, in an action wherein all or part of the relief granted is divorce * * * shall determine the respective rights of the parties in their separate or marital property." Consistent with this statutory provision that marital property rights are determined upon the

---

* Defendant's answer included a counterclaim for divorce and a fraud claim against plaintiff's mother who is not a party to this appeal.

granting of a divorce, the Court of Appeals has acknowledged that an independent ownership interest in marital property is acquired by "a *former* spouse" (*Kaplan v Kaplan*, 82 NY2d 300, 305 [emphasis supplied]). There has been some confusion, however, about the exact moment that this independent ownership interest in marital property is acquired.

There is dicta which suggests that acquisition might occur upon commencement of a divorce action (*see, O'Brien v O'Brien, supra*, at 583; *Rodgers v Rodgers*, 98 AD2d 386, 391, *appeal dismissed* 62 NY2d 646). Other dicta suggests a less definite beginning. Thus, the Second Department concluded that a spouse began acquiring an interest in her husband's pension from the moment he joined the pension plan and explained that this "interest, unenforceable and unallocated as it may have been prior to the divorce action, constituted the seed from which an inchoate interest in the pension emerged as a marital asset when the divorce action began * * * and matured into a true ownership interest when the equitable distribution judgment terminated the action" (*McDermott v McDermott*, 119 AD2d 370, 379, *appeal dismissed* 69 NY2d 1028 [citation omitted]). Later, the same Court declared that "the right to equitable distribution vests only upon divorce" (*Peterson v Goldberg*, 180 AD2d 260, 263, *lv dismissed* 81 NY2d 835). In a concurring opinion in *Leibowits v Leibowits* (93 AD2d 535), Justice O'Connor concluded that the Equitable Distribution Law did not "create any contingent or present vested interests, legal or equitable, by virtue of the parties' marital status or prior to a judgment dissolving their union," and described marital property interests prior to divorce as "mere expectancies" (*id.*, at 549). Bankruptcy courts have generally agreed with Justice O'Connor's analysis and have concluded that "spouses' respective rights in marital property do not vest under New York law * * * until entry of a judgment dissolving the marriage" (*Matter of Cole*, 202 Bankr 356, 360).

Regardless of whether defendant could be viewed as having some inchoate interest in the parties' marital property as a result of the commencement of the divorce action, we conclude that, because the parties' respective rights in their marital property could not be determined unless and until Supreme Court granted a divorce (*see*, Domestic Relations Law § 236 [B] [5] [a]), defendant had no basis under New York law to assert a claim against the marital property prior to divorce (*see*, Scheinkman, Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C236B:23, at 407) and, therefore, no debt had been incurred in the divorce

action when the Bankruptcy Court discharged plaintiff from all dischargeable debts. Accordingly, we agree with Supreme Court that, upon granting a divorce, it has jurisdiction to determine the parties' respective rights in the marital property that was not reachable by plaintiff's creditors in the bankruptcy proceeding. With regard to plaintiff's additional argument that defendant's fraud claim is barred by plaintiff's discharge in the bankruptcy proceeding, we note that the fraud claim is asserted against plaintiff's mother, not plaintiff.

Peters, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.