Appeals from an order of Supreme Court, Erie County (Cosgrove, J), entered May 23, 2003, which denied the petition seeking a permanent stay of arbitration.
It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.
Memorandum: Supreme Court properly denied the petition seeking a permanent stay of arbitration (see CPLR 7503 [b]). Although Louis Berti (respondent) failed to disclose the arbitration claim when he filed for protection under chapter 13 of the Bankruptcy Code (11 USC), he subsequently amended his bankruptcy schedule of assets to include that claim. With the consent of the bankruptcy trustee, the bankruptcy discharge of respondent was reopened and his counsel was appointed to pursue the arbitration claim on behalf of the trustee for the benefit of the bankruptcy estate.
Contrary to petitioners’ contention, the doctrine of judicial estoppel is not applicable under the circumstances of this case. “In a bankruptcy context, judicial estoppel prevents a party from prosecuting claims not disclosed in a bankruptcy proceeding that resulted in the party’s discharge” (McIntosh Builders v Ball, 264 AD2d 869, 870 [1999]). The doctrine is not applicable, however, “in the absence of a final determination in the bank *886 ruptcy proceeding endorsing the party’s inconsistent position concerning his or her assets” (Koch v National Basketball Assn., 245 AD2d 230, 231 [1997]). Here, the bankruptcy proceeding was reopened by the Bankruptcy Court in the exercise of its discretion, “thereby nullifying] the final determination upon which a judicial estoppel could be predicated” (id.).
We reject petitioners’ further contention that respondents lack standing to pursue the arbitration claim (see generally Donaldson, Lufkin & Jenrette Sec. Corp. v Mathiasen, 207 AD2d 280, 282 [1994]). Although the bankruptcy estate includes the arbitration claim (see Seward v Devine, 888 F2d 957, 963 [1989]), a chapter 13 debtor, unlike a chapter 7 debtor (see e.g. Hansen v Madani, 263 AD2d 881 [1999]; Reynolds v Blue Cross of Northeastern N.Y., 210 AD2d 619, 620 [1994]), has standing to pursue any cause of action that he or she possesses (see Olick v Parker & Parsley Petroleum Co., 145 F3d 513, 515-516 [1998]). In any event, even in a chapter 7 proceeding, the trustee may consent, as he did here, to the debtor’s continued prosecution of a claim for the benefit of the bankruptcy estate (see Detrick v Panalpina, Inc., 108 F3d 529, 535-536 [1997], cert denied sub nom. Gold v Panalpina, Inc., 522 US 810 [1997]). Present— Pigott, Jr., PJ., Green, Pine, WIsner and Gorski, JJ.