KENNETH LIGRECI, Appellant, v TERESA LIGRECI, Respondent. [772 NYS2d 808]—

Order, Supreme Court, New York County (Joan Lobis, J.), entered on or about May 1, 2003, which, inter alia, denied plaintiff's motion to vacate or modify the divorce judgment in this action, and judgment, same court and Justice, entered October 17, 2002, which, inter alia, ordered plaintiff to pay child support in the amount of $6,000 per month and awarded defendant maintenance in the amount of $4,000 per month, unanimously affirmed, without costs.

Inasmuch as plaintiff has not offered a reasonable explanation for his persistent failure to comply with compulsory and, indeed, court-ordered discovery respecting his finances, we perceive no ground to conclude that his default was other than willful (see *Sanchez v City of New York*, 266 AD2d 127 [1999]), or that it did not warrant his preclusion from offering evidence pertaining to finances at trial, and, accordingly, find no basis to disturb the denial of his motion for relief from the ensuing divorce judgment (see *Dimitratos v City of New York*, 180 AD2d 414 [1992]).

While the doctrine of judicial estoppel (see *D & L Holdings v RCG Goldman Co.*, 287 AD2d 65, 71 [2001], *lv denied* 97 NY2d

611 [2002]) has been applied in matrimonial actions (*see e.g. Crespo v Crespo*, 309 AD2d 727 [2003]), its application in this case against defendant to prevent her, by reason of her position in the parties' prior bankruptcy proceeding, from presenting evidence respecting her needs and the needs of the parties' three children, would not have been appropriate. Such evidence, as distinguished from evidence of plaintiff's ability to pay, which defendant did not affirmatively present, was not even arguably inconsistent with, much less contrary to, defendant's position in the bankruptcy proceeding.

Lastly, plaintiff's contention that the court did not protect his rights as a pro se litigant is belied by the record. Concur—Tom, J.P., Mazzarelli, Sullivan, Ellerin and Friedman, JJ.