CAROL MATTIOLI, Respondent, v JOSEPH MATTIOLI, Appellant. [853 NYS2d 235]—

Appeal from a judgment of the Supreme Court, Monroe County (Elma A. Bellini, A.J.), entered February 22, 2006 in a divorce action. The judgment, among other things, distributed the marital assets and determined the amount of child support to be paid by defendant.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by remitting the matter to Supreme Court, Monroe County, for further proceedings in accordance with the memorandum and as modified the judgment is affirmed without costs.

Memorandum: We affirm the judgment of divorce in this case in all but one respect. We note at the outset that, although defendant erroneously appeals from an order rather than from the judgment of divorce, we nevertheless exercise our discretion to treat the notice of appeal as valid and deem the appeal as taken from the judgment (*see* CPLR 5520 [c]; *Kimmel v State of New York*, 38 AD3d 1155 [2007]).

With respect to the merits, we agree with plaintiff that Supreme Court properly refused to treat the former marital residence, which was titled in the names of plaintiff's parents or in one of their names, as marital property subject to equitable distribution, despite the fact that plaintiff paid her father the sum of $42,899 during the marriage as a down payment towards its purchase. The court erred, however, in basing its decision solely on the fact that title to the property was held by one or both of plaintiff's parents, rather than by plaintiff and/or defendant. That fact is not necessarily dispositive because Domestic Relations Law § 236 (B) (1) (c) defines marital property as "all property acquired by either or both spouses during the marriage and before the execution of a separation agreement or the commencement of a matrimonial action, regardless of the form in which title is held." Thus, the dispositive issue is whether plaintiff and/or defendant held "any valuable property rights" in the former marital residence, inasmuch as property is "not marital property [where] neither the wife nor the husband [holds] any valuable property rights" in it (*Pulitzer v Pulitzer*, 134 AD2d 84, 88 [1988]). While the parties in this case alluded to an agreement between plaintiff, defendant, and plaintiff's parents for the purchase of the former marital residence, no written agreement for the purchase and sale thereof was presented to the court. In the absence of a written contract, there

was no evidence before the court that either plaintiff or defendant held the requisite "valuable property rights" in the former marital residence to render it marital property (*id.*; *see generally Bardusch v Lynch*, 192 AD2d 1088 [1993]).

We agree with defendant, however, that the court erred in applying the doctrine of judicial estoppel in precluding defendant from presenting evidence of funds received by plaintiff from the sale of the former marital residence. Defendant attempted to establish that the $8,000 to $9,000 received by plaintiff from the sale of the former marital residence was marital property in the form of appreciation in the value of the property resulting from improvements he made to it during the marriage (*see e.g. Hartog v Hartog*, 85 NY2d 36, 46 [1995]; *Burgio v Burgio*, 278 AD2d 767, 768-769 [2000]). The court erred in relying on the decision of this Court in *Matter of Miller (Berti)* (1 AD3d 885 [2003]) when it applied the doctrine of judicial estoppel to the former marital residence. The record establishes that during the marriage defendant twice filed for bankruptcy under chapter 7 of the Bankruptcy Code and received discharges, and that he claimed in both bankruptcies that he was single and did not list the former marital residence as an asset in his bankruptcy schedules. The court thus determined that judicial estoppel prevented defendant from claiming any interest in funds received upon the sale of the former marital residence. That was error, inasmuch as the discussion of the doctrine of judicial estoppel in *Miller* was in the context of a bankruptcy proceeding, while here the issue concerns the property rights of the parties in a matrimonial action. "[M]arital property rights are determined upon the granting of a divorce" (*Sinha v Sinha*, 285 AD2d 801, 802-803 [2001]; *see* Domestic Relations Law § 236 [B] [5] [a]), and defendant was not required to list possible future rights to marital property in the bankruptcy schedules (*see* 11 USC § 541 [a] [2] [A]). We therefore modify the judgment by remitting the matter to Supreme Court to reopen the proof at trial to permit defendant to submit evidence that the funds received by plaintiff from the sale of the former marital residence were marital property (*see Hartog*, 85 NY2d at 46; *Burgio*, 278 AD2d at 768-769). We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Scudder, P.J., Gorski, Lunn, Fahey and Peradotto, JJ.