# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**888**

**KA 12-01775**

PRESENT: SMITH, J.P., FAHEY, LINDLEY, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                      MEMORANDUM AND ORDER

RONALD P. MCGUAY, DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.

DAVID W. FOLEY, DISTRICT ATTORNEY, MAYVILLE (PATRICK E. SWANSON OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Chautauqua County Court (John T. Ward, J.), rendered October 3, 2011. The judgment convicted defendant, upon his plea of guilty, of course of sexual conduct against a child in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of course of sexual conduct against a child in the second degree (Penal Law § 130.80 [1] [a]), defendant contends that he was deprived of his constitutional right to present a defense because County Court denied his request to serve a late notice of intent to present psychiatric evidence (*see* CPL 250.10 [2]). By pleading guilty, however, defendant forfeited his right to challenge the court's denial of his motion (*see People v Di Donato*, 87 NY2d 992, 993). For the same reason, defendant also forfeited his right to challenge the court's denial of his request for the appointment of a special prosecutor (*see generally People v Taylor*, 65 NY2d 1, 5).

We reject defendant's contention that the court erred in denying his motion to suppress incriminating statements he made to law enforcement officials. As the court properly determined, defendant was not in custody when he made the statements, and thus the police were not required to advise defendant of his *Miranda* rights (*see generally People v Paulman*, 5 NY3d 122, 129; *People v Berg*, 92 NY2d 701, 704; *People v Beard*, 1 AD3d 886, 886, *lv denied* 1 NY3d 624). The evidence at the *Huntley* hearing establishes that defendant voluntarily accompanied the police to the station for both interviews, he was not restrained in any way during either interview, and he was allowed to go home at the conclusion of the interviews. Moreover, defendant was specifically advised by one of the investigators that he was free to

leave at anytime.  In our view, a reasonable person in defendant's position who was innocent of any crime would not have believed that he or she was in custody (*see People v Yukl*, 25 NY2d 585, 589, *cert denied* 400 US 851; *People v Lunderman*, 19 AD3d 1067, 1068, *lv denied* 5 NY3d 830).

Although defendant contends that his plea was involuntarily entered, he failed to preserve his contention for our review inasmuch as he did not move to withdraw his plea or to vacate the judgment of conviction (*see People v Cubi*, 104 AD3d 1225, 1226, *lv denied* 21 NY3d 1003), and the narrow exception to the preservation rule does not apply because defendant said nothing during the plea colloquy that "clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea" (*People v Lopez*, 71 NY2d 662, 666; *see People v Hall*, 119 AD3d 1349, 1349).

We have reviewed defendant's remaining contentions and conclude that they lack merit.

Entered:  September 26, 2014                    Frances E. Cafarell
                                               Clerk of the Court