(September 21, 2016)

■ CHRISTOPHER CANZONA, Appellant, v BONNIE CANZONA, Respondent. [38 NYS3d 42]—

Appeals by the plaintiff from stated portions of (1) a decision and order (one paper) of the Supreme Court, Suffolk County (H. Patrick Leis, III, J.), dated June 26, 2013, made after a nonjury trial, (2) a judgment of divorce of that court dated October 30, 2013, and (3) an order of that court dated November 15, 2013. The judgment of divorce, insofar as appealed from, upon the decision and order dated June 26, 2013, and upon an order of that court dated October 15, 2013, inter alia, awarded the defendant certain maintenance. The order dated November 15, 2013, insofar as appealed from, granted the defendant's motion for sequestration of certain funds as security for the plaintiff's maintenance obligation and awarded the defendant counsel fees.

Ordered that the appeal from the decision and order dated June 26, 2013, is dismissed; and it is further,

Ordered that the judgment of divorce and the order dated November 15, 2013, are affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the decision and order dated June 26, 2013, must be dismissed. To the extent that it is a decision, no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]). To the extent that it is an order, the right of direct appeal therefrom terminated upon entry of the judgment, and the issues relating thereto are brought up for review and have been considered on the appeal from the judgment (*see Matter of Aho*, 39 NY2d 241, 248 [1976]).

In this matrimonial action, which proceeded to trial solely on the issue of maintenance, the plaintiff argued that the defendant was judicially estopped from seeking an award of maintenance because she previously filed two separate bankruptcy petitions, which alleged, in part, that she was not entitled to any alimony, maintenance, or support payments. The Supreme Court rejected this argument and awarded the defendant maintenance. The defendant also moved for sequestration of certain funds as security for the plaintiff's maintenance obligation. The court granted the defendant's motion. The plaintiff appeals.

"Judicial estoppel, or the doctrine of inconsistent positions, precludes a party who assumed a certain position in a prior legal proceeding and who secured a judgment in his or her favor from assuming a contrary position in another action simply because his or her interests have changed" (*Ford Motor Credit Co. v Colonial Funding Corp.*, 215 AD2d 435, 436 [1995]). "The doctrine is invoked to estop parties from adopting such contrary positions because the judicial system cannot tolerate this playing fast and loose with the courts" (*Prudential Home Mtge. Co. v Neildan Constr. Corp.*, 209 AD2d 394, 395 [1994] [internal quotation marks omitted]). Here, contrary to the plaintiff's contention, the Supreme Court properly determined that the defendant was not judicially estopped from seeking an award of maintenance, as the parties were still married at the time the bankruptcy petitions were filed, and the defendant was not required to list any possible future rights to maintenance payments in the bankruptcy petitions, which were filed years before the judgment of divorce was issued (*see Mattioli v Mattioli*, 48 AD3d 1143 [2008]; *Ligreci v Ligreci*, 5 AD3d 205 [2004]). Moreover, while the doctrine of judicial estoppel has been applied in matrimonial actions, its application in this case to prevent the defendant from presenting

evidence regarding her needs would not have been appropriate (*see Ligreci v Ligreci*, 5 AD3d at 206).

"The amount and duration of spousal maintenance is an issue generally committed to the sound discretion of the trial court and each case is to be resolved upon its own unique facts and circumstances" (*Brody v Brody*, 137 AD3d 830, 831 [2016]). "The factors to be considered in awarding maintenance include 'the standard of living of the parties during the marriage, the income and property of the parties, the distribution of marital property, the duration of the marriage, the health of the parties, the present and future earning capacity of both parties, the ability of the party seeking maintenance to become self-supporting, and the reduced or lost lifetime earning capacity of the party seeking maintenance' " (*DiPalma v DiPalma*, 112 AD3d 663, 664 [2013], quoting *Kret v Kret*, 222 AD2d 412, 412 [1995]; *see* Domestic Relations Law § 236 [B] [6]). Since the trial court has the opportunity to view the demeanor of the witnesses at the hearing, it is in the best position to gauge their credibility, and its resolution of credibility issues is entitled to great deference on appeal (*see Morales v Inzerra*, 98 AD3d 484, 485 [2012]; *Lieberman v Lieberman*, 21 AD3d 1004, 1005 [2005]). Here, upon considering the relevant factors, the Supreme Court providently exercised its discretion in awarding the defendant $2,500 per month in nondurational maintenance (*see* Domestic Relations Law § 236 [B] [6]; *DiPalma v DiPalma*, 112 AD3d at 664).

Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in granting the defendant's motion for sequestration of certain funds as security for the plaintiff's maintenance obligation (*see* Domestic Relations Law § 243; *Rose v Rose*, 138 AD2d 475, 477 [1988]). The court also providently exercised its discretion in awarding the defendant the sum of $10,000 for counsel fees incurred in seeking to enforce the plaintiff's maintenance obligation (*see* Domestic Relations Law § 237).

The plaintiff's remaining contentions are without merit. Mastro, J.P., Hall, Sgroi and Barros, JJ., concur.