# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**824**

**KA 15-00812**

PRESENT: PERADOTTO, J.P., CARNI, DEJOSEPH, NEMOYER, AND CURRAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                            MEMORANDUM AND ORDER

CHRISTOPHER J. KELLY, DEFENDANT-APPELLANT.

---

DAVID P. ELKOVITCH, AUBURN, FOR DEFENDANT-APPELLANT.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered November 23, 2011. The judgment convicted defendant, upon his plea of guilty, of attempted murder in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a guilty plea of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]). Defendant failed to move to withdraw his plea or to vacate the judgment of conviction and thus failed to preserve for our review his contention that his plea was coerced because County Court threatened to impose a greater sentence in the event of a conviction following trial (*see People v Lando*, 61 AD3d 1389, 1389, *lv denied* 13 NY3d 746). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]). Defendant also failed to preserve his contention that his plea was coerced by the court's denial of his request for public funds and an adjournment to retain a psychiatric expert (*see generally People v Lesame*, 239 AD2d 801, 802, *lv denied* 90 NY2d 941). In any event, we conclude that defendant's contention is belied by the record and without merit (*see People v Hall*, 82 AD3d 1619, 1619-1620, *lv denied* 16 NY3d 895).

To the extent that defendant contends that he was denied the right to present a defense by an alleged denial of public funds to retain an expert, we conclude that, by pleading guilty, defendant forfeited the right to challenge any such denial (*see People v McGuay*, 120 AD3d 1566, 1567, *lv denied* 25 NY3d 1167). We further conclude that defendant waived his right to appellate review of this issue because defense counsel "withdrew [the application] 'before the court rendered its decision' " (*People v Hazzard*, 129 AD3d 1598, 1600, *lv*

*denied* 26 NY3d 968; *see People v King*, 115 AD3d 986, 987, *lv denied* 23 NY3d 1064).