■ COUNTRY-WIDE INSURANCE COMPANY et al., Respondents, v GOTHAM MEDICAL, P.C., Appellant. [63 NYS3d 349]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered November 25, 2015, which, inter alia, granted plaintiffs' motion for summary judgment declaring that defendant is not entitled to no-fault insurance benefits from them with respect to the 31 claims at issue, unanimously affirmed, with costs.

The refusal by defendant's principal, Dr. Alexandre Scheer, to answer questions at an examination under oath (EUO) about his compliance with a consent agreement and order he had entered into with the Office of Professional Medical Conduct (OPMC) constituted a failure to comply with the request for an EUO, a condition precedent to coverage under the insurance policy (*see Hertz Corp. v Active Care Med. Supply Corp.*, 124 AD3d 411 [1st Dept 2015]).

Defendant argues that plaintiffs' questions about Scheer's compliance with the OPMC order were improper because the order is confidential. Defendant relies on Public Health Law § 230 (17), which provides that where an investigation of suspected professional misconduct by a physician reveals evidence insufficient to constitute misconduct but reasonable cause exists to believe the physician is unable to practice medicine with reasonable skill and safety, the physician may be ordered to have his or her practice monitored by another physician approved by OPMC, and any such order shall be kept confidential. However, this provision is inapplicable. Scheer entered into a consent agreement and order in which he did not contest the charge of fraudulent practice of medicine brought against him and he agreed to a penalty of a 12-month suspension of his license to practice medicine, a stay of the suspension, and, pursuant to Public Health Law § 230-a (penalties for professional misconduct), a 60-month term of probation, of which a monitor of his practice was only one condition. Moreover, the consent agreement and order states expressly that it shall be a public document.

Defendant also argues that plaintiffs had no independent right to determine whether Scheer was in compliance with the consent agreement and order and that any determination by them of noncompliance would not render him "unlicensed" to practice medicine. This argument is unavailing. The consent agreement and order provides that any medical practice in violation of the term permitting Scheer to practice only when monitored "shall constitute the unauthorized practice of

medicine." An unlicensed health care provider is ineligible to receive no-fault reimbursement (11 NYCRR 65-3.16 [a] [12]), and an insurer may make a good faith determination that a medical provider assignee seeking no-fault benefits is ineligible to receive such benefits (*State Farm Mut. Auto. Ins. Co. v Mallela*, 4 NY3d 313, 322 [2005]).

Defendant waived the defenses of res judicata and award and arbitration (CPLR 3211 [e]; *see Mayers v D'Agostino*, 58 NY2d 696 [1982]). While the arbitral awards in its favor were not issued until after it had filed its answer in this action, there is no indication on the record before us that defendant ever moved to amend its answer to assert either of those defenses. Concur—Tom, J.P., Manzanet-Daniels, Mazzarelli, Oing and Singh, JJ. 