Jolley v Lando (2020 NY Slip Op 05338)





Jolley v Lando


2020 NY Slip Op 05338


Decided on October 2, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, WINSLOW, AND BANNISTER, JJ.


389 CA 18-01429

[*1]BENJAMIN L. JOLLEY, PLAINTIFF-RESPONDENT,
v
AGOSTINHA R. LANDO, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






MICHAEL A. ROSENHOUSE, ROCHESTER, FOR DEFENDANT-APPELLANT.
MILLER MAYER, LLP, ITHACA (ANTHONY N. ELIA, III, OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Steuben County (Joseph W. Latham, A.J.), dated November 29, 2017. The order, among other things, equitably distributed the marital property. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by striking from the second ordering paragraph the sum of $238,670 and substituting therefor the sum of $104,350, and vacating the third and fourth ordering paragraphs and substituting therefor the provision that plaintiff is entitled to recover from defendant one-half the value of the Lindley property and the Country Walk Estates property, and as modified the order is affirmed without costs and the matter is remitted to Supreme Court, Steuben County, for further proceedings in accordance with the following memorandum: Plaintiff husband commenced this action seeking equitable distribution of marital assets after obtaining a divorce decree from Pennsylvania. In appeal No. 1, defendant wife appeals from an order that equitably distributed the marital property. In appeal No. 2, defendant appeals from an order that, inter alia, directed her to execute deeds to certain properties and to provide an accounting. In appeal No. 3, defendant appeals from an order directing her to execute those same deeds.
With respect to appeal No. 1, defendant contends that plaintiff's claim to equitable distribution is barred by the Pennsylvania divorce decree. We agree with plaintiff that defendant's contention is based on the defense of res judicata (see O'Connell v Corcoran, 1 NY3d 179, 182-184 [2003]; Erhart v Erhart, 226 AD2d 26, 27-29 [4th Dept 1996]) and that she waived that defense by failing to raise it in either a pre-answer motion to dismiss or her answer (see CPLR 3211 [e]; U.S. Bank N.A. v Gilchrist, 172 AD3d 1425, 1426-1427 [2d Dept 2019]; Country-Wide Ins. Co. v Gotham Med., P.C., 154 AD3d 608, 610 [1st Dept 2017]; Matter of Hall, 275 AD2d 979, 979 [4th Dept 2000]). Similarly, defendant's contention that plaintiff's claims with respect to the Lindley and Markle Hollow properties are barred by res judicata based on a prior proceeding to set aside the transfer of those properties to defendant has also been waived.
We reject defendant's further contention with respect to appeal No. 1 that Supreme Court's award of equitable distribution was barred by the antenuptial agreement signed by the parties. That agreement aimed to preserve property rights held individually by the parties and did not contemplate property that was or became jointly owned notwithstanding the terms of the agreement. Inasmuch as the agreement did not specify how marital property would be divided, the court properly equitably distributed the marital property. To the extent that defendant contends that the properties at issue were not marital property because she alone held title to those properties, we reject that contention inasmuch as a determination of whether property is marital does not depend on the form in which title is held (see Domestic Relations Law § 236 [B] [1] [c]; Fields v Fields, 15 NY3d 158, 161-162 [2010], rearg denied 15 NY3d 819 [2010]; Mattioli v Mattioli, 48 AD3d 1143, 1144 [4th Dept 2008]). Defendant correctly notes that the [*2]antenuptial agreement permitted gifts from one party to the other and required that, once gifted, the property was the separate property of the recipient. Defendant, however, transferred title to the Lindley and Markle Hollow properties to herself using a power of attorney that plaintiff had granted to her prior to the marriage. The fact that those transfers were made without plaintiff's knowledge belies any claim that they were gifts to defendant, and thus they were not defendant's separate property. With respect to the Country Walk Estates (CWE) property, the record supports the court's determination that, although plaintiff transferred title of that property to defendant, it was for convenience purposes and remained marital property (see generally Fields, 15 NY3d at 162-163).
We agree with defendant, and plaintiff correctly concedes, that with respect to appeal No. 1 the court made errors in its calculations regarding lease and condemnation revenues for the Lindley property that are subject to equitable distribution. Plaintiff is entitled to one-half the amount of $39,600 from an oil and gas lease, $110,000 for a portion of the property acquired by New York State, and $59,100 for rental income. We therefore modify the order in appeal No. 1 by striking the sum of $238,670 from the second ordering paragraph and substituting therefor the sum of $104,350.
We agree with defendant in all three appeals that the court lacked jurisdiction to order her to sign deeds transferring to plaintiff a one-half interest in the Lindley and CWE properties. Defendant transferred title to the Lindley property to her children while reserving a life interest for herself. She transferred title to the CWE property to an LLC of which she was the sole owner, but later gifted that LLC to her children. The court equitably distributed those marital properties by directing defendant to prepare and execute deeds listing plaintiff as a one-half owner of those properties. The court, however, lacked jurisdiction to do so inasmuch as the children and the LLC were not named as parties to this action (see Petrie v Petrie, 126 AD2d 951, 952 [4th Dept 1987]; Friedman v Friedman, 125 AD2d 539, 541 [2d Dept 1986]; see generally Hirsch v Hirsch, 148 AD3d 997, 997-998 [2d Dept 2017]; Solomon v Solomon, 136 AD2d 697, 698 [2d Dept 1988]). We further agree with defendant that ordering the parties to be joint owners of the properties is inappropriate under the circumstances because it would force the combatant parties to work together in a joint real estate venture. We therefore further modify the order in appeal No. 1 by vacating the third and fourth ordering paragraphs and substituting therefore the provision that plaintiff is entitled to recover from defendant one-half the value of the Lindley and CWE properties, and we remit the matter to Supreme Court for further proceedings to determine the value of those properties. We thus also modify the order in appeal No. 2 by vacating the provision requiring defendant to execute the deeds to those properties and denying that part of plaintiff's motion seeking that relief. Finally, we reverse the order in appeal No. 3 and vacate the provision requiring defendant to execute those deeds.
Defendant's remaining contention in appeal No. 1 is without merit, and her remaining contentions in appeal Nos. 2 and 3 are rendered academic by our decision herein.
Entered: October 2, 2020
Mark W. Bennett
Clerk of the Court